**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

SHROUQ KHAZAALEH,

1084 W Oakland Ave
Johnson City, TN 37604

Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE,

Serve: Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

U.S. CONSULATE, Amman, Jordan,

Serve: Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

MICHAEL POMPEO, United States Secretary of State,

Serve: Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

and;

KAREN SASAHARA of the United States at the U.S. Consulate, Amman, Jordan

Serve: Executive Office
Office of the Legal Adviser

Case No. 1:20-cv-00001

Suite 5.600
600 19th St. NW
Washington, DC 20522

Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S IMMIGRANT VISA APPLICATIONS**

COMES NOW Plaintiff Shrouq Khazaaleh to respectfully request a hearing before this Honorable Court to make a determination on Plaintiff's non-immigrant visa applications, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed non-immigrant visa application.

**PARTIES**

1. Plaintiff Shrouq Khazaaleh is a citizen of Jordan.

2. Plaintiff is the beneficiary of an approved non-immigrant visa.

3. Jordan is a predominantly Muslim country.

4. Plaintiff paid the applicable visa fees and submitted all necessary documents to the Defendants. The case was assigned Case Number AA008B317U.

5. The State Department conducted Shrouq Khazaaleh's visa interview on or about September 20 2018.

6. The Defendants refuse to issue Plaintiff the J-2 non-immigrant visa.

7. Defendants continue to refuse to issue the visa and refuse to provide information as to when, if ever, the visa may be issued. This has produced a tremendous hardship on the Plaintiff.

8. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the

agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Islamabad, Pakistan, and which is responsible for implementing the non-immigrant visa provisions of the law.

9. Defendant Consulate of the United States in Amman, Jordan (hereinafter sometimes referred to as "the Amman Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

10. Defendant Michael Pompeo, Secretary of State, is the highest ranking official within the DOS. Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Pompeo is sued in his official capacity as an agent of the government of the United States.

11. Defendant Karen Sasahara of the Consulate of the United States in Amman, Jordan. They are being sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

12. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

13. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all

maintain offices within this district.

14. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Plaintiff's visa application.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiff alleges and states as follows:

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

16. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

17. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

18. The Defendants claim that the visa applications filed by Plaintiff's family are currently undergoing "administrative processing."

19. The Defendants have a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

20. On information and belief, Plaintiff alleges that the Defendants are intentionally delaying a decision on these applications pursuant to the CARRP program. Plaintiff alleges that this delay is due to Plaintiff being from a predominantly Muslim country.

21. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

22. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding individuals, like the Plaintiff—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

23. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

24. Plaintiff alleges that the applications have been in administrative processing beyond a

reasonable time period for completing administrative processing of the visa applications.

25. The combined delay and failure to act on the family members' visa applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

26. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

27. Plaintiff has exhausted all administrative remedies available to him in pursuit of a resolution of this matter, including repeatedly requesting the processing of Plaintiff's case with the Defendants.

## SECOND CLAIM FOR RELIEF
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

28. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

29. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

30. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

31. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by denying Plaintiff the ability to come to the U.S. to fulfill the purpose of the non-immigrant visa.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Muhammad Saleem requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's visa applications;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate the visas pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue the visas;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to

accelerate processing of the visa application;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
January 01 2020

***/s/ James O. Hacking, III***

James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**